UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

| | |
|---|---|
| **ERIKA BAGLEY and JAMES BAGLEY**<br>6370 Manzanita Drive<br>Macungie, PA 180602,<br>individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>**FIAT CHRYSLER AUTOMOBILES (FCA) US, LLC,**<br><br><br>Defendant. | Case No. 22-1797<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiffs, Erika Bagley and James Bagley ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows against Defendant, Fiat Chrysler Automobiles US, LLC ("FCA").

## INTRODUCTION

1. This consumer class action arises out of FCA's sale and lease of vehicles with a dangerous defect that has caused Chrysler Pacifica Plug-in Hybrid Electric Vehicles ("PHEVs") model years 2017 and 2018 (collectively "Class Vehicles") to catch fire spontaneously and without warning.



(Source: Szymkowski, Sean. "Chrysler Pacifica Hybrid Recalled Because Minivan Could Catch Fire." *Roadshow*, CNET, 10 June 2020, https://www.cnet.com/roadshow/news/chrysler-pacifica-hybrid-recall-minivan-fire/.) (Last accessed: March 17, 2022).

2. During June 2017, Plaintiffs, Pennsylvania residents, purchased a 2017 Chrysler Pacifica Hybrid PHEV from Bergey's Chrysler Jeep Dodge, a FCA dealership in Souderton, Pennsylvania.

3. The pictures below show examples of Class Vehicle fires.





(Source: *Pacifica hybrid burnt to the ground;* https://www.pacificaforums.com/threads/pacifica-hybrid-burnt-to-the-ground.43185/)(Last accessed: March 17, 2022).

4. After receiving reports of Class Vehicles catching fire, FCA issued Recall No. 22V-077 ("the Recall") for all Class Vehicles on February 11, 2022.  (**Exh. A**).

5. The Recall admits that FCA has been unable to identify the cause of the fires and still lacks a remedy.

6. As a result, Class Vehicle owners and lessees have been burdened with vehicles that do not perform as FCA promised, deprived of the benefit of their bargains, and suffered ascertainable losses of money, property, and/or value of their Class Vehicles.

7. Plaintiffs and Class Members seek monetary damages and injunctive and other equitable relief for FCA's unlawful conduct in the sale and lease of the Class Vehicles as alleged in this Complaint.

## PARTIES

8. Plaintiffs are citizen of Pennsylvania who reside in Macungie, PA 180602.

9. The members of the putative Class include thousands of purchasers and lessees of Class Vehicles.

10. FCA is a Delaware limited liability company with its headquarters and principal place of business in Michigan.  At all times material to this litigation, FCA has designed, manufactured, marketed, and distributed motor vehicles in the United States.

11. Based on information and belief, Plaintiffs, allege that, at all times material to this litigation, persons and entities, whose identities are still unknown, have aided, abetted, and conspired with FCA to further the unlawful conduct described in this Complaint.  Plaintiffs and Class Members assert claims against FCA and those persons and entities.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction in this class action pursuant to: (a) 28 U.S.C. § 1332(d)(2)(A) because Plaintiffs, who are Class Members, and FCA, are citizens of different states and this action seeks more than $5,000,000 in damages; and (b) 28 U.S.C. § 1331 and the Magnusson-Moss Warranty Act (15 U.S.C. §2310(d) because it involves claims totaling at least $50,000, exclusive of interest and costs.

13. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims alleged in this Complaint.

14. This Court has personal jurisdiction over Plaintiffs who reside in Pennsylvania and, upon information and belief, Class Members will submit to personal jurisdiction in this Court.

15. This Court has personal jurisdiction over FCA which has conducted and continues to conduct substantial business in Pennsylvania, *inter alia,* through dealerships and marketing directed at consumers in that state.

16. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions that give rise to the claims alleged in this Complaint occurred in the Eastern District of Pennsylvania.

## FACTS

**A. FCA Produced, Marketed, And Sold Class Vehicles That Had A Serious And Dangerous Defect.**

17. FCA represented to consumers that Class Vehicles were suited for "family utility" and "family's active lifestyle", was a "family room on wheels", and served "your real life with care as the most family friendly minivan in its class." [1]

---

[1] *The All-New 2017 Chrysler Pacifica - Cdn.dealereprocess.org*. https://cdn.dealereprocess.org/cdn/brochures/chrysler/2017-pacifica.pdf (Last accessed: March 17, 2022).

18. FCA emphasized the safety features of Class Vehicles as having "100+ standard and available safety & security features" that automatically protected families "in the blink of an eye." (**Exhs. B and C**).

19. FCA also advertised Class Vehicles as having "a 33-mile electric driving range," and being "less dependent on gas, helping you produce less emissions for a greener planet." (**Exh. B**).

20. FCA disseminated those representations about Class Vehicles throughout Pennsylvania and the United States.

### B. FCA Issued A Recall For All Class Vehicles.

21. On or about February 11, 2022, FCA issued the Recall to consumers which stated: (a) some Class Vehicles have experienced fires that exposed occupants and persons outside vehicles to increased risk of injury, as well as property damage; (b) such fires can occur even when the ignition is in the "OFF" mode; (c) the defect had not been identified; (d) the root cause of the fires was still being investigated; and (e) owners should refrain from recharging Class Vehicles and should park them away from structures and other vehicles. (**Exh. A**).

22. FCA had known about the risk of fire associated with Class Vehicles for a substantial period, but FCA had failed to notify consumers or take effective steps to remedy that problem. (**Exh. A**, p. 2).

23. The Recall affects approximately 20,000 Class Vehicles produced between August 12, 2016 and August 7, 2018. (**Exh. A,** p. 1)**.**

24. FCA has urged all consumers affected by the Recall to refrain from recharging Class Vehicles and to park them away from structures and other vehicles.

25. For that reason, Plaintiffs and, upon information and belief, Class Members have substantially restricted driving and have stopped recharging Class Vehicles because they fear potential harm to themselves, Class Vehicle passengers, and nearby persons and property.

26. As a consequence, FCA's conduct has harmed and continues to harm Plaintiffs and Class Members.

27. Plaintiffs and Class Members are entitled to damages, rescission, restitution, and an injunction requiring FCA to: (a) correct its false advertising through a campaign that discloses all information material to Class Vehicles' risk of fires; (b) implement a remedy for the defect in Class Vehicles; and (c) reimburse Plaintiffs and Class Members for price paid to purchase or lease Class Vehicles or replace Class Vehicles with minivans comparable to Class Vehicles.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this Class Action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of themselves and all others similarly situated, as members of the following proposed Class:

> **All persons and entities that purchased or leased one or more Class Vehicles in the United States at any time during the applicable limitations period.**

Excluded from the Class are: FCA and its officers, directors, employees, agents, affiliates, and legal representatives; and (b) any entity in which FCA has a controlling interest and its officers, directors, employees, agents, affiliates, and legal representatives.

29. Alternatively, Plaintiffs propose a class defined as follows:

> **All persons and entities that purchased or leased one or more Class Vehicles in Pennsylvania during the applicable limitations period.**

30. This litigation is brought as a class action that may be maintained pursuant to Federal Rule of Civil Procedure 23, with the right to amend or modify the Class description based on the results of discovery and further investigation.

### A. Class Members Are Numerous

31. Class Members are so numerous that their individual joinder is impracticable. In that regard, Plaintiffs understand based on the number Class Vehicles subject to the Recall that there are

at least 16,741 purchasers and lessees of such vehicles. Class Members may be identified and notified of this litigation by, *inter alia*, using FCA's business records.

### B. Common Questions Of Fact And Law Exist And Predominate

32. Common questions of law and fact exist as to all Class Members that predominate over questions affecting only individual Class Members.

33. Those common legal and factual issues include, but are not limited to:

    a. Whether FCA engaged in the unlawful conduct described in this Complaint;

    b. Whether FCA knew about the heightened fire risk associated the defect in Class Vehicles;

    c. When did FCA become aware of a defect that caused fires in Class Vehicles;

    d. Whether FCA should have had known about that risk before the Recall;

    e. Whether FCA knowingly failed to disclose the existence and cause of that defect;

    f. Whether FCA knowingly concealed that defect;

    g. Whether FCA's alleged conduct violates applicable consumer protection laws;

    h. Whether FCA's alleged conduct breached warranties that covered Class Vehicles;

    i. Whether FCA's alleged conduct violates other laws as described in this Complaint;

    j. Whether Plaintiffs and Class Members have suffered an ascertainable loss as a result of FCA's alleged conduct; and

    k. Whether Plaintiffs and Class Members are entitled to damages and equitable relief.

### C. Typicality

34. Plaintiffs' claims are typical of other Class Members' claims because all Class Members were comparably injured through FCA's substantially uniform misconduct as described in this Complaint.

35. The claims of Plaintiffs and Class Members arise from the same operative facts and are based on the same legal theories.

36. Plaintiffs as representatives of the Class advance the same claims and legal theories on behalf of Plaintiffs and all other Class members, and there are no defenses unique to Plaintiffs.

### D. Adequacy Of Representation

37. Plaintiff are adequate Class representatives because: (a) Plaintiffs' interests do not conflict with the interests of other Class Members whom Plaintiffs seek to represent; (b) Plaintiffs have retained counsel competent and experienced in complex class action litigation; and (c) Plaintiffs intend to prosecute this litigation vigorously. Thus, the Class's interest will be fairly and adequately protected by Plaintiffs and their counsel.

### E. Predominance And Superiority

38. This litigation may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Class Members and a class action is superior to other available means for the fair and efficient adjudication of this dispute.

39. The damages suffered by individual Class Members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address FCA's conduct. As a consequence, it would be virtually impossible for Class Members to individually redress effectively the wrongs done to them.

40. In addition, individualized litigation of Class Members' claims would substantially increase the delay and expense to all parties and the burden on the judiciary resulting from the complex legal and factual issues presented by the case.

41. Individualized litigation also presents the potential for inconsistent or contradictory judgments on Class Members' claims.

42. A class action: (a) avoids potential management difficulties; (b) allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and (c) provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Plaintiffs contemplate providing notice to Class Members that describes the nature of the litigation. Upon information and belief, FCA's business records and electronic media can be utilized to provide such notice. To the extent that further notices may be required, Plaintiffs will use additional media and/or mailings.

44. This action is properly maintained as a Class Action pursuant to Federal Rule of Civil Procedure Rule 23(b) because:

    a. Without Class certification and determination of declaratory, injunctive, statutory and other legal questions in a class action, prosecution of separate actions by individual Class Members will create the risk of:

        i. Inconsistent or varying adjudications regarding individual Class Members which would establish incompatible standards of conduct for parties opposing a class action; or

        ii. Adjudication with respect to individual Class Members which would as a practical matter be dispositive of the interests of other individuals and entities not parties to the adjudication or substantially impair or impede their ability to protect their interests.

b. The parties opposing a Class Action have acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

## TOLLING OF STATUTES OF LIMITATIONS

45. The running of any statutes of limitations applicable to the claims of Plaintiffs and Class Members are tolled by equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling.

## COUNT ONE
### (Fraud)

46. Plaintiffs and Class Members incorporate by reference all allegations in the preceding paragraphs of this Complaint as though fully alleged in this Count.

47. FCA's misrepresentations to and/or concealment from Plaintiffs and Class Members regarding facts material to the safety of Class Vehicles, as described in this Complaint, were done made knowingly or with reckless disregard for the truth.

48. FCA engaged in that unlawful conduct in order to mislead Plaintiffs and Class Members.

49. Plaintiffs and Class Members reasonably relied on and were induced to purchase or lease Class Vehicles by FCA's unlawful conduct as described in this Complaint.

50. Plaintiffs and Class Members sustained damage because they had to stop or substantially limit using Class Vehicles due to their fear of harm to themselves, Class Vehicle passengers, and nearby persons and property.

51. In addition to such damages, Plaintiffs and Class Members seek punitive or exemplary damages because FCA knowingly, intentionally, and in wanton disregard of their rights and interests by engaging in the fraudulent misrepresentations described in this Complaint.

## COUNT TWO
### (Negligent Misrepresentation)

52. Plaintiffs and Class Members incorporate by reference all allegations in the preceding paragraphs of this Complaint as though fully alleged in this Count.

53. FCA's misrepresentations to and/or concealment from Plaintiffs and Class Members regarding facts material to the safety of Class Vehicles, as described in this Complaint, were done without exercising due care.

54. FCA owed a duty to Plaintiffs and Class Members to exercise due care to refrain from such conduct.

55. Plaintiffs and Class Members reasonably relied on and were induced to purchase or lease Class Vehicles by FCA's negligent misrepresentations as described in this Complaint.

56. That reliance was a substantial factor in damaging Plaintiffs and Class Members because they had to substantially limit the use of Class Vehicles due to their fear of harm to themselves, Class Vehicle passengers, and persons and property.

57. Plaintiffs and Class Members are entitled to recover a damages award against FCA for that harm.

## COUNT THREE
### (Unjust Enrichment)

58. Plaintiffs and Class Members incorporate by reference all allegations in the preceding paragraphs of this Complaint as though fully alleged in this Count.

59. Plaintiffs and Class Members conferred a benefit on FCA when they paid prices for Class Vehicles that purportedly did not have the risk of fires as described in this Complaint.

60. FCA knew about that financial benefit conferred when FCA sold or leased Class Vehicles to Plaintiffs and Class Members which FCA knew or should have known were not fully operational due to the heightened risk of fire.

61. FCA should reasonably have expected to reimburse Plaintiffs and Class Members for the financial benefit that they conferred upon FCA which would be inequitable and unjust for FCA to retain.

62. As a direct and proximate result of FCA's unjust enrichment, Plaintiffs and Class Members are entitled to damages in the amount of their monetary loss, including but not limited to, restitution of all amounts paid to FCA or providing products comparable to Class Vehicles that are defect-free.

## COUNT FOUR
### (Negligence)

63. Plaintiffs and Class Members incorporate by reference each allegation in the preceding paragraphs of this Complaint as though fully alleged in this Count.

64. FCA owes a duty to consumers, including Plaintiffs and Class Members, to exercise due care in designing, producing, and selling Class Vehicles which an ordinarily prudent person in the like position would exercise to avoid injury to any person or entity.

65. That duty included, but is not limited to, complying with industry custom and standards imposed by federal regulations and to assess the foreseeability, likelihood, seriousness, and frequency of harm to consumers posed by the defective Class Vehicles.

66. FCA breached that duty owed to Plaintiffs and Class Members by, *inter alia*. without limiting the generality of the foregoing, failing to exercise due care in designing, manufacturing, marketing, inspecting, and testing Class Vehicles.

67. Class Vehicles were unreasonably dangerous when FCA placed them into the stream of commerce.

68. Due to the serious and dangerous defect in Class Vehicles, Plaintiffs and Class Members are faced with the choice of risking potential car fires, or refraining from recharging and using their Class Vehicles and from parking them away from structures and other vehicles.  As such,

Class Vehicles are unreasonably dangerous as a result of FCA's negligence for the use to which they would ordinarily be put.

69. Plaintiffs and Class Members were harmed because they have been in fear and at risk of immediate catastrophic harm to themselves, Class Vehicle passengers, and nearby people and property.

70. FCA's negligence was a substantial factor in causing Plaintiffs and Class Members to suffer economic and potentially fatal harm as well as other damages.

71. Plaintiffs and Class Members are entitled to an award of damages against FCA for that harm.

## COUNT FIVE
### (Violation of Magnuson-Moss Warranty Act (15 U.S.C. Section 2301, *et seq.*)–

72. Plaintiffs and Class Members incorporate by reference each allegation in the preceding paragraphs of this Complaint as though fully alleged in this Count.

73. Plaintiffs and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3) ("the Act").

74. FCA is a "supplier" and a "warranter" within the meaning of the Act (15 U.S.C. § 2301(4)-(5)).

75. Class Vehicles are a "consumer product" within the meaning of the Act (15 U.S.C. § 2301(1)).

76. The Act (15 U.S.C. § 2301(d)(1)) provides for a cause of action for any consumer damaged by the failures of a warrantor to comply with a written warranty.

77. Pursuant to the Act (15 U.S.C. § 2310(e)), Plaintiffs and Class Members are not required to provide FCA notice of this class action and an opportunity to cure until the time the Court determines Plaintiffs' representative capacity pursuant to Federal Rules of Civil Procedure.

78. FCA's representations as described in this Complaint regarding the safety of Class Vehicles sold or leased to Plaintiffs and Class Members are written warranties within the meaning of the Act (15 U.S.C. § 2301(6)).

79. Through written and implied warranties, FCA warranted that Class Vehicles are of merchantable quality, fit for their ordinary and represented use, and free from defects.

80. FCA breached those warranties because Plaintiffs and Class Members are faced with the choice of risking potential car fires, or refraining from recharging, using their vehicles. and parking them close to structures and other vehicles. As such, Class Vehicles do not perform as promised and are unfit and unreasonably dangerous for ordinary use.

81. FCA knew or should have known about the defect in Class Vehicles and the resulting fire risk.

82. FCA knew or should have known that the representations regarding the capabilities of Class Vehicles were false, yet proceeded with a multi-year advertising campaign which promised consumers that Class Vehicles were family-friendly, secure, safe, and fuel efficient.

83. Plaintiffs and Class Members were damaged as a result of FCA's breaches of warranty because they received a product incapable of performing as FCA represented, without extreme serious and dangerous safety risks that rendered Class Vehicles less valuable than represented.

84. Plaintiffs and Class Members are entitled to damages caused by FCA's breaches of warranties, including economic damages based upon either: (a) a return of the purchase or lease prices paid by Plaintiffs and Class Members for Class Vehicles; and/or (b) the difference between those prices for Class Vehicles as warranted and the actual value of Class Vehicles as delivered, plus consequential damages.

85. Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees and costs as determined by the Court.

## COUNT SIX

**(Breach of Express Warranties By Affirmation, Promise, Description, Sample)**

86. Plaintiffs and Class Members incorporate by reference each allegation in the preceding paragraphs of this Complaint as though fully alleged in this Count.

87. As described in this Complaint, FCA warranted to Plaintiffs and Class Members through written statements and advertisements that Class Vehicles could be used and recharged safely.

88. Those warranties became part of FCA's bargain with Plaintiff and Class Members.

89. Due to the serious and dangerous defect described in this Complaint, Class Vehicles purchased or leased by Plaintiffs and Class Members from FCA did not conform with the warranties provided by FCA.

90. FCA breached those warranties by selling and leasing defective Class Vehicles to Plaintiffs and Class Members.

91. FCA failed to repair Class Vehicles as required by the warranties.

92. The failure of Class Vehicles to be as represented was a substantial factor in harming Plaintiffs and Class Members because they had to stop using and parking Class Vehicles due to the fear of catastrophic harm to themselves, Class Vehicle passengers, and nearby people and property.

93. Plaintiffs and Class Members have been damaged as a direct and proximate result of FCA's warranty breaches because Class Vehicles purchased or leased from FCA were and are worth far less than what was paid to purchase or lease them.

94. Class Vehicles were defective as described in this Complaint when FCA placed those products in the stream of commerce and were provided to Plaintiffs and Class Members without substantial change in the condition in which they were sold.

95. As a direct and proximate result of these breaches, Plaintiffs and Class Members have suffered harm, including, but not limited to, a diminution of value in Class Vehicles.

96. Plaintiffs and Class Members have suffered harm in fact, including, but not limited to, an economic loss by, *inter alia:* (a) purchasing or leasing Class Vehicles they never would have acquired; (b) leasing or purchasing an inferior product whose nature and characteristics render it of a lesser value than represented; (c) incurring costs for diminished resale value of Class Vehicles purchased or leased; (d) leasing and/or purchasing a product that poses a danger to the health and safety of the public; and/or (e) incurring or needing to incur repair costs and/or loss of purchased or leased Class Vehicles.

97. Plaintiffs and Class Members are entitled to an injunction restraining and enjoining FCA from communicating false and misleading advertising to consumers concerning the purported safety and quality of Class Vehicles.

98. Plaintiffs and Class Members are entitled to damages caused by FCA's breaches of warranties, including economic damages based upon either: (a) reimbursement of the purchase and lease prices paid to FCA for Class Vehicles; and/or (b) the difference between the price paid for Class Vehicles as warranted and the actual value of Class Vehicle as delivered, plus consequential damages.

## COUNT SEVEN
### (Breach of Implied Warranty Of Merchantability and Fitness For A Particular Purpose –Title 13 Pa. C.S.A. §§ 2314 And 2315)

99. Plaintiffs and Class Members incorporate by reference each allegation in the preceding paragraphs of this Complaint as though fully alleged in this Count.

100. Pursuant to Title 13 Pa. C.S.A. § 2314, the sale and lease of Class Vehicles were accompanied by FCA's implied warranty of merchantability and fitness for a particular purpose that Class Vehicles, *inter alia,*: (a) would pass without objection in the trade under the contract description; and (b) were fit for the ordinary purposes for which such goods are used.

101. Plaintiffs and Class Members bought or leased Class Vehicles from FCA.

102. At the time of purchase or lease, FCA was in the business of selling or leasing Class Vehicles and held itself out as having special knowledge or skill regarding Class Vehicles.

103. At the time of purchase, Class Vehicles contained or developed the serious and dangerous defect that created the spontaneous fires as described in this Complaint.

104. That defect constituted a breach of FCA's implied warranty because, *inter alia*, Class Vehicles: (a) do not pass without objection in the trade under the contract description; and (b) are not fit for the ordinary purposes for which such goods are used.

105. Plaintiffs and Class Members have suffered harm in fact, including, but not limited to, an economic loss by, *inter alia*, leasing or purchasing Class Vehicles that have a lesser value than represented by FCA.

106. Plaintiffs and Class Members bring this claim pursuant to Title 13 Pa. C.S.A. § 2714 because FCA's warranty breaches were a proximate cause of that harm.

107. Plaintiffs and Class Members are entitled to damages caused by FCA's breaches of warranties, including economic damages based upon either: (a) reimbursement of the purchase and lease prices paid to FCA; and/or (b) the difference between the price paid for Class Vehicles as warranted and the actual value of the Class Vehicle as delivered, plus consequential damages.

## COUNT EIGHT
### (Violation Pennsylvania Unfair Trade Practices And Consumer Protection Law Title 73 Pa. C.S.A. §§ 201-1, *Et Seq.*)

108. Plaintiffs and Class Members incorporate by reference each allegation in the preceding paragraphs of this Complaint as though fully alleged in this Count.

109. Plaintiffs and Class Members are persons and Class Vehicles are "Commodities" and "Things of Value" that FCA has sold and distributed to them as defined by §§ 201-1(1) and (3) of the Pennsylvania Unfair Trade Practices And Consumer Protection Law ("the UTPCP Act").

110. Plaintiffs and Class Members purchased and leased Class Vehicles for personal, family, and household purposes. (Title 73 Pa. C.S.A. §§ 201-9.2(a)).

111. FCA violated the UTPCP Act (Title 73 Pa. C.S.A. §§ 201-1(4)(vii, xiv, and xxi)) by, as described in this Complaint, engaging in unfair methods of competition and in unfair and deceptive acts and practices by, *inter alia*: (a) misrepresenting Class Vehicles as being of a particular quality; (b) failing to comply with express and implied warranties applicable to Class Vehicles; and (c) other fraudulent and deceptive conduct that created the likelihood of

confusion and misunderstanding among Plaintiffs and Class Members regarding the quality of Class Vehicles.

112. FCA violations of the UTPCP Act caused Plaintiffs and Class Members to suffer ascertainable losses of money and harm attributable to the Class Vehicles purchased or leased by them.

113. Plaintiffs and Class Members are entitled to recover treble the amount of those damages pursuant to the UTPCP Act (Title 73 Pa. C.S.A. §§ 201-9.2(a)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members demand judgment against FCA as follows:

A. An order certifying this litigation as a Class Action as alleged in this Complaint;

B. Determination that FCA is financially responsible for all expenses associated with providing Class Members notice and administering Class relief;

C. An order enjoining FCA from continuing to engage in the unlawful conduct described in this Complaint;

D. An award to Plaintiffs and Class Members damages totaling at least $100,000,000;

E. Treble the amount of those damages;

F. An award to Plaintiffs and Class Members of punitive damages totaling at least $100,000,000;

G. An order requiring FCA to: (a) disgorge and reimburse Plaintiffs and Class Members for all sums paid to FCA to purchase or lease Class Vehicles; or (b) replace Class Vehicles purchased or leased by Plaintiffs and Class Members with vehicles comparable to defect-free Class Vehicles;

H. An award of pre- and post-judgment interest at the maximum rate provided by law;

I. Reasonable attorneys' fees, litigation expenses, and costs incurred by Plaintiffs and Class Members; and

J. Such other and further relief that this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and Class Members demand trial by jury on all issues so triable.

Dated: May 10, 2022

Respectfully submitted,

/s/ *Charles E. Schaffer*
Charles E. Schaffer
David C. Magagna Jr.
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com


Charles J. LaDuca
Michael Smith
Daniel M. Cohen
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20010
charles@cuneolaw.com
mike@cuneolaw.com
danielc@cuneolaw.com